[No. 13091. Department Two. May 20, 1916.]

LEE JOHNSON, *Respondent*, v. ARCADIA ORCHARDS COMPANY, *Appellant.*[1]

VENDOR AND PURCHASER—CONTRACT—REMEDIES OF PURCHASER—DE-MAND FOR DEED. Under an installment contract for land, entitling the purchaser, after paying one-fourth or more of the price, "at the expiration of five years from the date of the contract," to a deed for a proportionate part of the land, a demand for a proportional deed made two days after the expiration of the five years is in time, as it is approximately at the expiration of the contract.

SAME — REMEDIES OF PURCHASER — CONTRACT — CONSTRUCTION — BREACH—DAMAGES. Under a contract for five acres of land at the agreed price of $2,000, entitling the purchaser, after paying one-fourth or more of the price, to a deed for a proportionate part upon ceasing payments, "except that no fractional part of an acre shall be deeded under this provision," the purchaser, upon breach by the vendor, in refusing to deed one acre after payment of $500 and interest, may elect to recover damages; but being entitled to but one acre, can recover as damages only the agreed upon price therefor, or $400, with interest from the time of ceasing to pay.

[1]Reported in 157 Pac. 685.

10—91 WASH.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered June 1, 1915, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Modified.

*Cullen, Lee & Matthews,* for appellant.

*Louis A. Dyar,* for respondent.

HOLCOMB, J.—These parties entered into a contract in writing on January 20, 1910, by the terms of which appellant agreed to sell, and respondent agreed to buy, a certain described five-acre tract of land for the sum of $2,000. The covenants and conditions of this contract material to this case are as follows: One hundred dollars of the purchase price was acknowledged as received by the vendor, and it was agreed that the balance was to be paid at the rate of $2.50 per acre per month for a period of four years, and five dollars per acre per month during the fifth year, deferred payments to bear interest at five per cent per annum. If the payments of principal and interest were not made when due, the vendor could declare the contract forfeited and the payments made retained by the vendor. Paragraph 9 of the contract is as follows:

"It is further mutually agreed by and between the parties hereto that in the event said second party shall fail to make the payments of principal or interest when due, as herein provided, then the first party may at its option by giving the said second party written notice of thirty days of the said payment or payments due, which notice shall be mailed to the last address known to the first party, in the event said amounts remain unpaid at the expiration of said thirty days, declare this contract forfeited and shall remain in full possession of said lands and premises, together with the appurtenances thereunto belonging, the same as though this contract had never been made, and the payments thereon by the second party shall, by reason of said default, be forfeited as vested and settled rights; *but it is further mutually understood and agreed that if the purchaser shall have paid one-fourth of the purchase price as herein provided, he may at his option cease*

*further payment hereunder and be entitled at the expiration*
*of five years from the date hereof to such a proportionate part*
*of the within described tract of land as the amount so paid*
*shall bear to the purchase price and accrued interest thereon,*
*except that no fractional part of an acre shall be deeded under*
*this provision. The selection of such land shall be by first*
*party, and it is understood and agreed that it shall be equal*
*in every respect to the land herein contracted for."*

Respondent made payments on the contract aggregating
$575 principal, and the interest accruing, which payments
ceased on January 3, 1913. Thereafter, on December 29,
1913, appellant gave respondent notice, as provided in para-
graph 9 of the contract, that he was delinquent in his pay-
ments, and that, unless they were paid in thirty days, the
contract would be declared forfeited. No more payments
were made by respondent, who, believing himself entitled to
one acre of land by virtue of paragraph 9, on January 22,
1915, two days after the time the contract provided that he
should be entitled to a deed, demanded from appellant a deed
to one acre of land. This demand was refused, and respond-
ent thereupon instituted this action to recover the moneys
paid by him on the contract, with interest on each installment
from date of payment thereof. Judgment was entered in ac-
cordance with the prayer of the complaint, from which this
appeal is taken.

The court concluded that the contract was breached by ap-
pellant, the vendor, by reason of its neglect and refusal to
give respondent a deed to one acre of land as provided in the
contract, and that respondent had the right to accept the
breach of appellant and to sue at law or in equity for the pay-
ments made by him under the contract, together with interest
at six per cent on each payment from the date thereof.

I. It is first asserted by appellant that the delay of two
days by respondent after the expiration of the contract pre-
cludes him from recovery. The contract in that respect, in
paragraph 9, provides that, at the expiration of five years
from the date of the contract, the respondent shall be entitled

to such proportionate part of the described tract of land as the amount paid shall bear to the purchase price and accrued interest, excepting that no fractional part of an acre shall be deeded under this provision and that the selection of the land shall be by the vendor; and there was no further duty laid upon respondent in any particular. He could not demand a deed before the day of the expiration of the contract; and inasmuch as the contract did not require him to demand it at all, and since, from the fact of respondent having ceased to make payments when he had paid more than one-fourth of the purchase price, it was to be presumed by appellant that he would avail himself of the alternative stipulation in his contract to receive the one acre of land selected by appellant, there was nothing for respondent to do but wait until January 20, 1915, for his deed to one acre. His demand, therefore, two days after the expiration of the contract, was approximately at the expiration of the contract and was sufficiently prompt to require appellant to comply with the condition of its contract. Hence, respondent was entitled to either the one acre of land or to the value thereof. He had the election of suing for specific performance of the alternative contract to convey the one acre of land or to sue in damages for the value.

II. Respondent made his election to sue for his damages, and he brought his action for the entire amount of money that he had paid under the contract, as if he had performed all of the contract by him to be performed so far as permitted, and that appellant had wholly breached or rescinded the contract. That is not the situation. The italicized portion of paragraph 9 constitutes an alternative contract and a separate and divisible contract, resting, however, upon the original consideration. Respondent himself first abandoned the principal contract for the purchase of five acres of land in gross for $2,000 and, having abandoned and ceased to pay the installments due under the contract, appellant was well within its rights under the contract in giving him the

notice of December 29, 1913. The cases relied upon by respondent, and the view taken by the court as to the breach of an entire contract, therefore, do not apply here. The parties measured their rights in their contract thus: There were five acres of land to be sold in gross for $2,000. It is to be assumed that each acre was worth a pro rata part of the $2,000, or $400. But the parties provided that the respondent should pay in one-fourth at least of the purchase price before he would be entitled to one acre, and that he should not be entitled to any excess or fraction of an acre although he should pay more than the one-fourth part of the purchase price. He was permitted to pay in one-fourth the entire purchase price and then to cease paying. If he did this, he should still have one acre of the five acres contracted for. It was this alternative provision that appellant breached. Thus it is seen that respondent contracted to forego the difference between the value of one acre and the amount which he should pay in—one-fourth of $2,000—as a penalty for abandonment or forfeiture. He paid in one-fourth of $2,000 and the interest on it accumulating, and $75 more. But this also he paid voluntarily and at his own peril. If he continued to perform the contract, this would apply on the entire purchase price. If he ceased and fell back on his alternative contract, he forfeited and lost all of the excess over the value of one acre. He was entitled, therefore, only to the sum of $400 in money or damages, being the value of one acre, together with interest thereon at the legal rate from the time of his ceasing to pay, which was January 3, 1913.

The judgment is therefore modified, and a judgment accordingly ordered. Appellant will recover costs in this court.

PARKER, MOUNT, MAIN, and CHADWICK, JJ., concur.