[No. 14431. Department Two. April 29, 1918.]

D. O. PRATT, *Respondent*, v. ARCADIA ORCHARDS COMPANY, *Appellant*.[1]

VENDOR AND PURCHASER—CONTRACT—RIGHTS OF PURCHASER—OPTION AND ELECTION—CONSTRUCTION. Under a contract for ten acres of land at the agreed price of $2,500, entitling the purchaser, after paying one-fourth or more of the price, to a deed for a proportionate part upon ceasing payments, "except that no fractional part of an acre shall be deeded under this provision," the purchaser, after having paid for more than one-fourth of the land, was entitled to as many acres as his money would pay for; and having been in default prior to the expiration of the contract, a demand by letter for an absolute deed for the acres paid for is a sufficient notice of his election under the option.

SAME. In such a case, the fact that the purchaser remained in possession of and cultivated the entire tract after the date of the expiration of the contract, does not amount to an election to take the entire tract or an abandonment or waiver of his rights under the option and election theretofore matured.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered December 8, 1916,

[1]Reported in 172 Pac. 918.

upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*Cullen, Lea & Matthews,* for appellant.
*Post, Russell, Carey & Higgins,* for respondent.

HOLCOMB, J.—The same form of contract as that in controversy here was construed and the measure of recovery by the vendee determined in *Johnson v. Arcadia Orchards Co.,* 91 Wash. 289, 157 Pac. 685.

In this case, the expiration of the contract was December 1, 1914. At that time respondent pleaded, appellant admitted, and the court found, that the respondent had paid on the contract a total of $930 upon the purchase of ten acres, while the purchase price of $2,500, with interest accrued, then amounted to $3,576.80, as alleged, admitted, and found. The contract providing that no fractional parts of an acre should be conveyed under the option contained in paragraph 9 (see *Johnson* case, *supra*), the court found that, upon the expiration of the contract, respondent, in accordance with the decision in the *Johnson* case, was entitled to two acres as fully paid for, of the *pro rata* value of $500.

Appellant contends that the court erred in making finding number four, as follows:

"And on or about April 1, 1914, the plaintiff notified the defendant of his election to take such proportionate part of said ten-acre tract as he would be entitled to receive under said paragraph 9 of said contract of December 1, 1909."

In the *Johnson* case it was said:

"He could not demand a deed before the day of the expiration of the contract; and inasmuch as the contract did not require him to demand it at all, and since, from the fact of respondent having ceased to make payments when he had paid more than one-fourth of the

purchase price, it was to be presumed by appellant that he would avail himself of the alternative stipulation in his contract to receive the one acre of land selected by appellant, there was nothing for respondent to do but wait until January 20, 1915, for his deed to one acre."

While, as there stated, the purchaser could not *demand* or enforce a deed before the date of the expiration of the contract, under the option in the contract, nevertheless he could notify the vendor that he would avail himself of the option contained in the contract at any time when he was in default and had paid sufficient to be entitled to one acre or more, excluding fractional parts of acres. Respondent notified appellant by letter on April 1, 1914, in response to some notice or demand of appellant, that he desired that the company make him an absolute deed to a certain amount of land covering the amount of money which he had already paid, as provided for in the contract. It is true the letter contains a further suggestion that the company make him a deed for the remainder of the land and allow him in return to make a mortgage for the remainder of the purchase money. But there was no provision for the latter suggestion or notice in the contract, and appellant was at liberty to disregard it.

On June 15, 1916, appellant gave notice of cancellation of contract to respondent, and on July 7, 1916, respondent renewed his demand for the conveyance of the *pro rata* part of the land to which the money that he had paid would entitle him under the option contained in paragraph nine of the contract.

Paragraph nine was certainly clear and explicit, and meant what it said. It gave the option to the purchaser, when he had paid at least one-fourth of the purchase price, to cease further payments and be entitled, at the expiration of five years from the date of the contract, to such a proportionate part of the land

as the amount so paid shall bear to the purchase price and accrued interest, except that no fractional part of an acre shall be deeded under this provision. Under the contract, therefore, respondent, having paid more than one-fourth of the purchase price, but not quite enough to obtain one-fourth of the land or the value thereof under the fractional part of an acre provision, was entitled to as many acres as his money would pay for or the value thereof; in this case, one-fifth of the acres purchased, or two acres. And having been in default in payment of some installments on April 1, 1914, prior to the expiration of the contract, he gave sufficient notice to appellant that he desired to take the proportionate part of the ten-acre tract to which he was entitled under the option contained in the contract. This was sufficient to constitute notice of his election and to require respondent to comply with the option.

It is also contended that the court erred in making finding of fact number six, finding the amounts due and the amounts paid by respondent. These allegations were admitted by the pleadings and the finding cannot be questioned.

It is further contended by appellant that respondent by his conduct elected to perform that part of the contract which related to the purchase of the ten acres in its entirety, and by so electing and not making his demand within the time prescribed by the agreement, waived and abandoned any and all rights which he might have had to the two acres of land according to the terms of paragraph nine of the agreement. This contention is based upon the fact that respondent cultivated the entire ten acres in the spring and summer of 1915, after the date of the expiration of the contract, and raised potatoes between the trees on the land, and also paid a small sum to appellant for caring for the

orchard; thus, as appellant claims, reaffirming the contract as an entirety.

These acts certainly did not mislead appellant to its injury with respect to the option contained in the contract. Although the five years had expired and the respondent was delinquent in his payments on the ten-acre tract, he still had the clear and positive right to option contained in the contract. That right had matured.

The judgment of the trial court was correct and is affirmed.

ELLIS, C. J., MOUNT, CHADWICK, and WEBSTER, JJ., concur.